PER CURIAM.
 

 Appellant challenges the denial of her motion for post-conviction relief. We agree with Appellant’s claim that the trial court erroneously eliminated her right to file a motion for rehearing. Accordingly, we reverse and remand for the trial court to allow Appellant an opportunity to file a motion for rehearing.
 

 The trial court summarily denied Appellant’s motion for post-conviction relief based on the record. The court further stated that “no motion for rehearing, reconsideration or clarification is allowed and will be considered frivolous if filed in derogation of this order and, if filed, may subject the defendant to imposition of sanctions.” This was clear error.
 

 Florida Rule of Criminal Procedure 3.850(g) expressly gives the right to a defendant to file a motion for rehearing of any order denying a motion under the rule. In this case, the record reveals no sound reason for denying Appellant the opportunity to file a motion for rehearing. This was Appellant’s first motion for post-conviction relief, and she did not unnecessarily delay the proceedings by filing frivolous motions.
 

 Although the circuit court may wish to process post-conviction proceedings as quickly as possible due to a high volume of such cases, the court abuses its discretion in cases like this by denying a defendant the right to file a motion for rehearing and possibly imposing sanctions for doing so. This is especially true in summary denial cases. The Committee Notes for rule 3.850 point out that “the provision for ex parte denial of a motion based on the face of the record was appropriate inasmuch as the movant was granted an opportunity for rehearing in which to point out any errors the court may have made, thus providing sufficient safeguards to ensure the consideration of the prisoner’s contentions.” A motion for rehearing normally alerts the appellate court to the defendant’s dissatisfaction with the trial court’s ruling as no appellate briefs are required in a summary denial case.
 

 Accordingly, we reverse the order on review, and remand the cause with directions that Appellant be afforded the opportunity to file a motion for rehearing within 15 days of this court’s mandate and
 
 *294
 
 for further proceedings on the motion for rehearing.
 

 REVERSED and REMANDED.
 

 WOLF, BENTON and BROWNING, JJ., concur.